Carr, J.
This is a bill of injunction to a judgment at law obtained by Bierne against the plaintiffs in equity, as sureties of a sheriff, for the default of his deputy in failing to return an execution put into his hands. The bill suggests no defect of proof, or difficulty of any kind, which prevented the plaintiffs from making defence at law; nor is there an allegation, that they were not fully heard there, upon the same evidence and the same case, here made for the court of equity. The statute gives the court of law, the power of hearing motions against sheriffs for failure to return executions; and provides, that for such failure, the court may, in its discretion, fine the officer in any sum not exceeding five per cent, per month on the amount of the execution. In exercising this discretion, the court hears every fact and circumstance bearing upon the case; and there can be no doubt, that the county court, in this case, might have heard every tittle of evidence, and every suggestion of defence, stated in this bill. This, then, is a simple appeal to equity to rejudge the judgment of the court of law, to whose discretion the legislature has chosen to confide this matter. Two cases were referred to in support of this jurisdiction ; Bullock v. Goodall and Tomkies v. Downman. With respect to the first, I cannot but admit, that it is in point, and does affirm the power of courts of equity to correct legal errors, in such cases; for after detailing the facts, *367 the court said—“Neman can doubt, but that a fine of «£264. imposed on an officer who has committed no fault, for the benefit of a creditor, who has sustained no injury, is superlativel.y excessive, unconstitutional, oppressive and against conscience. As little can it be doubted, that a court of equity may and ought to give relief, even if the appellant had pleaded to the jurisdiction or demurred.” If this case be authority, it settles the question. But I consider it overruled by a whole class of cases subsequent to it; such as Turpin v. Thomas, Kincaid v. Cunningham, The Auditor v. Nicholas, and many others, going expressly on the ground, that courts of equity cannot correct the errors of courts^ of law. Some of the cases presented as hard judgments as can be imagined. And this principle has never been professedly overruled, or even trenched upon by any subsequent case. Tomkies v. Downman, certainly, did not profess to disturb it, but went on the express ground, that the peculiar circumstances there took it out of the rule: the general delusion pervading the whole country, and seeming to have extended to the legislature as well as the courts, was the main (I think, I may say) the sole ground of that decision. The court considered, that every judgment after the first, was against law; yet that, from this general delusion, they had been submitted to, till the amount of the fines exceeded, manyfold, the amount of the debt. But that case can have no application to the present. There was no delusion here. The legislature soon after the case of Tomkies v. Downman, passed a law giving power to plaintiffs to move, time after time, against sheriffs failing to return executions, and moreover, this is not a case of successive fines, but of one fine only. If this be corrected, it must be upon the broad ground of Bullock v. Goodall. But, suppose the case were properly in equity, I do not think the material allegations of the bill, which are directly denied by the answer, are proved by the evidence. I think, the decree should be reversed, and the bill dismissed.
Bkockex ísjiovair and Cabell, J concurred.
*368 Tucker, P.
If it had appeared, in this case, that the appellees had applied to the deputy sheriff for whose default this fine was imposed, to aid in their defence, and that he Bad neglected or refused, I should have thought the reason a strong one for granting relief upon newly discovered evidence. But that is not so. There is nothing to vary the case from that of a similar appeal to a court of equity by the deputy sheriff himself, except the mere circumstance that the plaintiffs are sureties. That, however, can of itself make no difference; for he who becomes a surety puts himself in the hazard of suffering by the default or the negligence and folly of his principal; and if he has had an opportunity of defence, and can shew no excuse for having failed to make it, he must abide the general principles of a court of equity, as his principal would himself have been bound to do.
In this case, then, relief is sought upon the ground, that the debtor was insolvent; that the only prospect of making the debt, was to get it paid out of a fund which the execution could not reach: that the creditor, accordingly, directed the deputy sheriff to use his exertions to get it so paid; that with a view to effect the object, the execution was placed in the hands of a third person, who was a trustee of the fund which, it was hoped, might prove available; that it failed to prove so, and finally that the execution was lost. These facts, if proved before the court of law, as strongly as they have been proved here, would certainly have been a complete defence to Biernés motion for the fine. But, I presume, they were not proved, and a most oppressive judgment was rendered. Yet, how can we, according to the established principles of the court, afford relief, when there is no excuse whatsoever for the failure of the appellees to avail themselves of their defence at law ? There are, it must be acknowledged, two cases which have gone very far, in cases somewhat similar •, Bullock v. Goodall, and Tomkies v. Downman. The last stands upon a ground, and was decided upon a principle, altogether peculiar. I am inclined to think a case will rarely occur, for which it can serve as a *369 precedent. When it does, it will behoove this court to weigh well the powerful objections which were made to the resolution of the court by judge Brooke. It is as yet but a single decision upon a new point, and is, therefore, not to be considered as settling the law upon the subject. The present case does not stand upon a similar ground. Bullock v. Goodall, however, comes much nearer to this case. But, surely, it is inconsistent with the principles established upon great consideration in Terrell v. Dick, Turpin v. Thomas, and The Auditor v. Nicholas; which cases have been approved and sustained by frequent decisions of this court. In Bullock v. Goodall, the plaintiff alleged, that he offered to prove in the court of law, that the plaintiff directed him not to return the execution, but that the court was of opinion, that no notice ought to be taken of such proof in a court of law. He obtained an injunction, and president Pendleton remarks, in very general terms, after stating that the judgment was oppressive,—“ As little can it be doubted, that the court of equity may and ought to give relief.” Yet, upon the principles of Terrell v. Dick and Turpin v. Thomas, the plaintiff should have excepted to the opinion of the county court, and appealed. In that case judge Roane quotes his very able and conclusive opinion in Branch v. Burnley, and the whole court including the president coincided in the opinion, that the party was not entitled to relief against an erroneous judgment, from which he might have been relieved by appeal or supersedeas. I do not think Bullock v. Goodall, standing by itself, is sustainable without difficulty; conflicting, as it does, with the well established principle, that a court of equity cannot interfere, in a case purely of a legal nature, merely on the ground that the judgment at law was erroneous, or on the ground that the party failed to produce the evidence which was in his power for his defence in the court of law.
Upon the whole, as hard as this case is, I do not think the jurisdiction can be sustained. 1 regret it, but find some consolation in the sum not being very large.
Decree reversed, and bill dismissed.